UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BAMBI DAVIS,
    Plaintiff

vs

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant

Case No. 1:06-cv-838
(Beckwith, J.; Hogan, M.J.)

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's motion for attorney fees and costs under the Equal Access to Justice Act (EAJA) (Doc. 17), and defendant's memorandum in opposition. (Doc. 18).

On January 31, 2008, this Court issued a Report and Recommendation that plaintiff's case be reversed and remanded for an award of benefits pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 14). On February 26, 2008, the District Court adopted the undersigned's recommendation and issued a final appealable order. (Doc. 15). Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(B), an application for attorney fees and other expenses must be submitted within thirty (30) days of final judgment. The EAJA defines a final judgment as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G); *see Buck v. Secretary of Health and Human Serv.*, 923 F.2d 1200, 1202 (6th Cir. 1991). The thirty-day clock begins to run after the time to appeal the final judgment has expired. *See Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Plaintiff's application for attorney fees was filed on May 14, 2008. (Doc. 17). Thus, plaintiff's motion is timely and properly before the Court.

The EAJA provides:

> A court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, eligibility for a fee award under EAJA requires: (1) that the claimant be the prevailing party; (2) that the government's position was not substantially justified; and (3) that no special circumstances make the award unjust.

### Prevailing Party

The Equal Access to Justice Act allows for an award of attorney fees if the party is the "prevailing party." 28 U.S.C. § 2412(d)(1)(B). A "party" is any individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. 28 U.S.C. §2412(d)(2)(B)(i). It is undisputed that at the time this action was filed, plaintiff's net worth was less than $2,000,000. Moreover, plaintiff became the "prevailing party" when she obtained a reversal and remand for an award of benefits.

### Substantial Justification

To be "substantially justified," the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). The "substantial evidence" standard is not the same as the "substantial justification" standard under EAJA. The government's position "can be justified even though it is not correct . . ., and it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce,* 487 U.S. at 566 n. 2. The Sixth Circuit has held that even though the government's position was not supported by substantial

2

evidence, that fact "does not foreclose the possibility that the position was substantially justified. Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . ." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal citations and quotation marks omitted). Rather, under EAJA, substantial justification means the government's position was "justified in substance or in the main." *Pierce*, 487 U.S. at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Secretary of Health and Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (per curiam). The Court must examine the government's litigation position as a whole to determine whether it had a reasonable basis in law and fact. *Cf. Commissioner, INS v. Jean*, 496 U.S. 154, 161-62 (1990) ("While the parties' positions on individual matters may be more or less justified, the EAJA--like other fee-shifting statutes--favors treating a case as an inclusive whole, rather than as an atomized line-items."). It is the government's burden under EAJA to prove that its position was substantially justified. *United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001), citing *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991); *United States v. 5,507.38 Acres of Land*, 832 F.2d 882, 883 (5th Cir. 1987). *See also Howard v. Heckler*, 581 F. Supp. 1231, 1233 (S.D. Ohio 1984). The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412 (d)(2)(D).

The Commissioner contends he had a rational basis for concluding that the ALJ's rejection of the opinions of the treating physicians and reliance on the non-examining state

3

agency physicians in determining plaintiff's RFC was reasonable. (Doc. 18 at 4-5). The Commissioner reiterates the arguments made in opposition to plaintiff's statement of errors. (Doc. 18 at 4-5). These arguments have been already been addressed and rejected by the Court in its previous Report and Recommendation. (Doc. 14 at 9-17).

The Court determines the position of the Commissioner was not substantially justified because it lacks a reasonable basis in fact and in law. The ALJ relied on the January and March 2003 opinions of two non-examining state agency doctors for the conclusion that plaintiff retains the RFC for a range of medium work. The ALJ's reliance on such opinions was not rational given that such opinions were made over two years prior to the Appeals Council's December 2005 remand; before the submission of additional medical records from April 2003 though February 2006 from treating internist Dr. Dammel and treating allergy immunology specialist Dr. Ghory; prior to plaintiff's emergency room visits; and more than three years before the ALJ's March 2006 hearing. Therefore, the non-examining doctors failed to consider the bulk of the medical evidence in the record when rendering their opinions. Moreover, the ALJ failed to accord proper deference to plaintiff's treating physicians in accordance with Social Security regulations and the law of the Sixth Circuit. *See* 20 C.F.R. § 404.1527(d)(5). *See also Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). (See Doc. 14 at 9-17). To be substantially justified, the Commissioner's position must have a "reasonable basis both in law and fact." *Pierce*, 487 U.S. at 565. The Commissioner fails to show that its position had a reasonable basis in fact and law given the ALJ's reliance on opinions of doctors who never examined plaintiff and who were without three years' worth of medical data and the ALJ's failure to follow Social Security's own regulations and the law of the Sixth Circuit. This Court has refused to find the

4

government's position to be "substantially justified" when an ALJ fails to apply the correct legal standard. *See Meyers v. Heckler*, 625 F. Supp. 228, 235 (S.D. Ohio 1985); *Howard v. Heckler*, 581 F. Supp. 1231, 1233-34 (S.D. Ohio 1984). *See also Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001) (government's position not substantially justified where ALJ failed to comply with applicable Social Security regulation); *Fraction v. Bowen*, 859 F.2d 574, 575 (8th Cir. 1988) (claimant entitled to EAJA fees where government acted "contrary to clearly established circuit precedent"); *Williams v. Sullivan*, 775 F. Supp. 615, 618-19 (S.D.N.Y. 1991) (government's position was not substantially justified given established Second Circuit law). Since the Commissioner fails to set forth a reasonable basis in fact and in law for the ALJ's decision, the government has not met its burden of proving substantial justification for its position in this case. The Court therefore finds that the Commissioner's position in this matter was not substantially justified.

**Special Circumstances**

No evidence in the record suggests that special circumstances bar a fee award here, and the Court, after carefully reviewing the record, finds none. *See* 28 U.S.C. § 2412(d)(1)(A). Accordingly, the Court turns to an analysis of the amount of fees to which plaintiff's counsel is entitled.

**Calculation of Fee Award**

EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded . . . shall be based upon prevailing
> market rates for the kind and quality of the services furnished,
> except that . . . attorney fees shall not be awarded in excess of $125
> per hour unless the court determines than an increase in the cost of
> living or a special factor, such as the limited availability of

5

>qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff has requested the statutory rate of $125.00 per hour. Counsel submits that 12.25 hours of attorney time was spent on this case before the District Court, including the preparation of the EAJA fee petition which is compensable pursuant to *Commissioner v. Jean*, 496 U.S. 154, 162 (1990). The Commissioner does not challenge the number of hours expended by counsel and the Court finds such hours reasonable and relevant to the prosecution of this matter. Compensation for the 12.25 hours at the $125.00 hourly rate yields an attorney fee of $1,531.25. Accordingly, the Court finds the requested fee by counsel to be reasonable and should be awarded under EAJA.

The Court therefore **RECOMMENDS** that the EAJA fee petition filed by plaintiff's counsel be **GRANTED,** and that counsel be **AWARDED $1,531.25** in attorney fees and $350.00 in costs and expenses for a total award of **$1881.25**.

Date: 10/4/08

Timothy S. Hogan
United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to these proposed findings and recommendations within **TEN DAYS** after being served with this Report and Recommendation ("R&R"). Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this R&R is being served by mail. That period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. If the R&R is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **TEN DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).